```
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 18 2021

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK
```

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SIDNEY MILLER, Individually and on
Behalf of All Others Similarly Situated**                        **PLAINTIFF**

vs.                        No. 4:21-cv-_1137-BRW_

**BHC PINNACLE POINTE HOSPITAL, LLC**                        **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Sidney Miller ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Lydia H. Hamlet and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendant BHC Pinnacle Pointe Hospital, LLC ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the minimum wage and overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA").

2. Plaintiff seeks a declaratory judgment, monetary and liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime compensation under the FLSA.

This case assigned to District Judge _Wilson_
and to Magistrate Judge _Kearney_

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Pulaski County.

7. Defendant is a foreign limited liability company.

8. Defendant's registered agent for service is Corporation Service Company at 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

9. Defendant, in the course of its business, maintains websites at https://thepointebhs.com/ and https://pinnaclepointehospital.com/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant provides acute psychiatric services to children and teens.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Within the past three years, Defendant has continuously employed at least four employees.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

16. Defendant employed Plaintiff within the three years preceding the filing of this Complaint.

17. Defendant employed Plaintiff as a Qualified Behavioral Health Professional ("BHP") from August of 2015 until the present.

18. Defendant also employed other BHPs within the three years preceding the filing of this lawsuit.

19. At all relevant times herein, Defendant directly hired Plaintiff and other BHPs to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. Defendant classified Plaintiff as an hourly employee, nonexempt from the overtime requirements of the FLSA.

21. Defendant also classified other BHPs as hourly employees, nonexempt from the overtime requirements of the FLSA.

22. Plaintiff's primary job duties were to provide intervention therapy to children in their schools and to provide behavioral therapy to patients within the facility itself.

23. Other BHPs had the same or similar job duties as Plaintiff.

24. Plaintiff regularly worked hours over forty each week.

25. Upon information and belief, other BHPs also regularly or occasionally worked hours over 40 in a week.

26. Plaintiff regularly worked hours for which he was not paid.

27. Defendant required Plaintiff to record only 40 hours per week on his timesheet.

28. Upon information and belief, Defendant also instructed other BHPs to record no more than 40 hours per week on their timesheet.

29. Defendant required Plaintiff to book at least 30 patient appointments per week.

30. Upon information and belief, other BHPs were subject to the same or similar requirements as to number of patient appointments per week.

31. Each time Plaintiff and other BHPs completed a patient appointment, they were required to complete thorough patient notes and charting after the appointment.

32. Plaintiff estimates that the patient appointments alone took at least 40 hours per week. Therefore, the patient notes and charting was generally performed off the clock.

33. The patient notes and charting are timestamped in Defendant's system.

34. Defendant knew or should have known that Plaintiff and other BHPs regularly worked hours for which they were not compensated.

35. At all relevant times herein, Defendant has deprived Plaintiff and other BHPs of overtime compensation for all hours worked.

36. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Overtime premiums for all hours worked over forty in any week;

   B. Liquidated damages; and

   C. Attorney's fees and costs.

39. Plaintiff proposes the following class under the FLSA:

> **All hourly Qualified Behavioral Health Professionals within the past three years.**

40. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

41. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

42. The members of the proposed FLSA collective are similarly situated in that they share these traits:

  A. They were paid an hourly wage;

  B. They were classified by Defendant as exempt from the overtime requirements of the FLSA;

  C. They had the same or substantially similar job duties; and

  D. They were subject to Defendant's common policy and practice of failing to pay them an overtime premium for hours worked over 40 each week.

43. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds ten persons.

44. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

45. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

46. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violations)

47. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

48. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

49. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

51. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

52. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

53. Defendant knew or should have known that its actions violated the FLSA.

54. Defendant's conduct and practices, as described above, were willful.

55. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

56. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

57. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

58. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

59. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

62. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

63. Defendant failed to pay Plaintiff and similarly situated employees a sufficient overtime premium for all hours worked over forty each week.

64. Defendant deprived Plaintiff and similarly situated employees of compensation for hours worked over forty per week, in violation of the FLSA.

65. Defendant knew or should have known that its actions violated the FLSA.

66. Defendant's conduct and practices, as described above, were willful.

67. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

68. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

69. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

70. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

71. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

72. At all times relevant to this Complaint, Defendant weas Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

73. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x

regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

74. Despite the entitlement of Plaintiff to overtime wages under the AMWA, Defendant failed to pay Plaintiff a proper overtime wage for hours worked over forty each week.

75. Defendant's failure to pay Plaintiff overtime wages owed was willful.

76. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sidney Miller, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

B. Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA and its related regulations;

D. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**SIDNEY MILLER, Individually
And On Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Lydia H. Hamlet*
Lydia H. Hamlet
Ark. Bar No. 2011082
lydia@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SIDNEY MILLER, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 4:21-cv-*1137-BRW*

**BHC PINNACLE POINTE HOSPITAL, LLC**            **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

     I was employed as an hourly Qualified Behavioral Health Professional for BHC Pinnacle Pointe Hospital, LLC, within the past three years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**SIDNEY MILLER**
November 18, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**